### JACKSON et al. v. DALTEX CATTLE CO.
### (No. 2859.)

Court of Civil Appeals of Texas. Amarillo. April 6, 1927.

Rehearing Denied May 4, 1927.

Injunction 144—Petition to restrain defendants from claiming title, slandering title, and trespassing on plaintiff's land alleging facts showing plaintiff's title, held good.

Petition for temporary injunction to restrain defendants from claiming title to or ownership in land, from slandering plaintiff's title, and from trespassing thereon which alleged plaintiff's ownership, set out title thereto and facts which if true, showed plaintiff's title by conveyances, and by judgment divesting title out of defendants and that plaintiff had no adequate remedy at law, *held* good as against general demurrer.

Appeal from District Court, Deaf Smith County; Reese Tatum, Judge.

Action by the Daltex Cattle Company against O. B. Jackson and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Will S. Payne, of Dallas, for appellants.

Bryan, Stone, Wade & Agerton, of Fort Worth, and Jno. P. Slaton, of Hereford, for appellee.

JACKSON, J. The Daltex Cattle Company, a corporation, the appellee in this proceeding, on February 10, 1927, presented to the Honorable Reese Tatum, judge of the Sixty-Ninth judicial district of Texas, its petition and application, praying that a temporary writ of injunction be issued against O. B. Jackson, H. M. Jackson, Pearl S. Jackson, Fred Jackson, Oren Jackson, Ones Jackson, and Will S. Payne, and each of them, restraining them from claiming title to or ownership or interest in the land described in appellee's petition, from slandering appellee's title to said lands, from going upon, trespassing upon, or causing others to go upon or trespass upon said lands, and from in any way interfering with appellee's possession, and from renting, leasing, or contesting appellee's title thereto.

Appellee alleges that it is the owner of the land fully described in its petition, sets out its title thereto, and the facts which are pleaded and duly verified, if true, show that appellee has title by proper conveyances, and, in addition thereto, title by judgments rendered in courts of competent jurisdictions, divesting all title out of appellants, and each of them; that, notwithstanding these facts, the appellants are trespassing upon the premises, interfering with appellee's possession, preventing its leasing or sale of the property by slandering the title, which is causing appellee irreparable injury, and for which it has no adequate remedy at law.

On the presentation of appellee's petition to the district judge on February 10, 1927, a hearing was ordered for February 18, 1927, at Dalhart, Tex., and that the appellants be served with a copy of his order as notice of such hearing. Each of the appellants were delivered a copy of said order, and on February 18, 1927, in accordance with said order, a hearing was had at Dalhart, Tex., in chambers, at which hearing the appellants H. M. Jackson, Pearl S. Jackson, Ones Jackson, and Will S. Payne appeared in person

and filed an instrument, the contents of which amounted to a general demurrer to the form and character of the notice served upon each of the appellants. The pleading of the above-named appellants did not even contain a general denial, much less a verified denial, of the equities in appellee's bill. On the hearing, no testimony was offered by appellants, by affidavit or otherwise, controverting appellee's verified petition, and the court issued its order restraining appellants as prayed for by appellee until the further order of the court to be made at its regular term in Deaf Smith county, Tex., at the courthouse, on the 2d day of May, 1927, at which time it would be determined whether or not the injunction would be made permanent.

Appellee's petition was good against a general demurrer, and, appellants having failed to in any way contest the equities of appellee's bill, the judgment of the court will be affirmed.